## DOYLE vs. LYONS.

There being an action at Law, pending on the appeal, and a bill in Equity filed by the defendant at law, against the plaintiff, seeking relief, touching the same subject matter, and a consent in writing, by the parties, that both cases be tried at the same time, the complainant, at a Term of the Court when the cases stood for trial, amended his bill, and asked an injunction of the action at Law, until the coming in of the plaintiff's answer to the amended bill, whilst the plaintiff at Law insisted upon a trial. The presiding Judge, in his discretion, ordered a verdict to be taken, and judgment entered, in the action at Law, and that further proceeding, under that judgment, be enjoined, until the coming in of the answer to the amended bill, and the further order of the Court; and judgment was accordingly entered during the term in the action at Law. Under such circumstances, this Court will not partially disturb the discretion of the Court below, by reversing so much of its judgment as imposes the injunction.

In Equity, in Thomas Superior Court. Decision made by Judge HARRIS, at the June Term, 1860.

The record in this case discloses the following state of facts, to wit:

John P. Lyons exhibited his bill in equity, in Thomas Superior Court, against Francis W. A. Doyle, in which it is alleged: That the complainant, desiring to purchase lot of land No. 78, in the 13th district of originally Erwin, then Thomas county, called on the defendant, who represented himself to be the true and legal owner of the land, and that he was able to make a good, valid and unincumbered title to the same; that upon the faith of such representations, the complainant bargained with the defendant for said land at the price of fifteen hundred dollars, for which he gave to the said defendant his promissory note, dated the 21st day of November, 1855, and due the 1st day of January, 1857, with interest from date, if the whole amount should not be punctually paid, and took from the said defendant his bond, dated the same as the note, and conditioned to make to the complainant "good and sufficient titles in fee simple to and for said land," when the complainant should well and truly pay the said promissory note; that some time in the year 1856, the land was levied on as the property of one Henry Petty, by virtue of a fi. fa. from Muscogee Inferior Court, in favor of James C. Watson vs. Henry Petty, and under the levy,

the land was sold by the sheriff of Thomas county, and purchased, at the sale, by one Hansell R. Seward; that complainant, for want of legal title, could not interpose a claim to the land, and therefore notified the defendant of the levy and advertisement of the land, and requested him to interpose a claim, which said defendant declined; that complainant having no legal title, could not take actual possession of the lot; and the defendant declining either to claim it or enter upon it, the said Seward claimed to hold the possession of the land, and refused to give it up; that complainant notified the defendant of these facts, and proposed to pay off the note, if the defendant would make him a good title, and deliver to him the actual possession, or extinguish Seward's claim thereto; all of which the defendant declined to do, but required complainant to pay the sum due on the note, and assumed the burden of litigation against the title of Seward; that complainant has always been, and is still, ready and willing to pay the note, if defendant will make him an unincumbered title; that early in the year 1857, defendant called upon complainant and proposed to make him titles to the land, and his muniments of title were submitted to the Hon. James L. Seward, who pronounced the chain of title imperfect, for the want of a link to make it complete; that defendant was never, and is not now, able to make a perfect title to the land, not having a perfect chain himself; that the defendant is wholly insolvent, and unable to respond in damages for any breach of said bond for titles, or for any breach of the covenants of the deed he might make; that there are judgments against said defendant to which said land is subject, and if the complainant were to pay off said note, he would be without remedy; that suit is now pending, in Thomas Superior Court, on said note, in favor of defendant against the complainant, which is now on the appeal, and will be prosecuted to judgment and execution, and the money collected, unless the said suit is enjoined.

The complainant, by his bill, prays—1st. The defendant's answer to the charges of the bill; 2d. That the suit on the note may be enjoined; and 3d. For general relief.

. The defendant filed his answer to the bill, in which he admits:

That he represented himself to be the owner of said land; sold the same, gave the bond, and took the note charged in

the bill, and in the manner, and at the time stated therein; that his title was, and is, as follows: 1st, The grant from the State of Georgia to Dennis Doyle, now deceased, who was defendant's father; 2d, A written agreement and relinquishment made by Mary Doyle, the executrix of Dennis Doyle, deceased, to the defendant and Albert A. Blakely, trustee for his wife, Georgianna Blakely; 3d, A deed to two-thirds interest in said lot of land made by Albert A. Blakely as trustee, as aforesaid, to the defendant, which deed is also signed by Georgianna T. Blakely, the *cestui que trust*, and another deed for the same interest, made pursuant to a decree in equity rendered in the Superior Court of Spalding county; 4th, A deed from Benjamin B. Doyle, one of the heirs of the said Dennis Doyle, deceased, to Albert A. Blakely, as trustee as aforesaid, conveying all his interest in said land; 5th, A properly authenticated copy of the last will and testament of the said Dennis Doyle, deceased, duly proven and recorded; that upon the strength of these muniments of title, he did assert, and now asserts, himself the true, legal and only lawful owner of said lot of land, and able to make a good and perfect title to the same; that all these evidences of title are in the hands of his attorneys, Messrs. Burch and McLendon, of Thomasville, Georgia; that defendant was ready, able and willing before the maturity of said note, and is now ready, able and willing to make a title, according to the terms of his said bond, when the complainant pays said note, given for the purchase price of said land; that the complainant did, in the year 1856, inform the defendant that said land was levied on, as charged in the bill, but does not recollect any request for the defendant to interpose a claim, but, on the contrary, the request was, to cancel the trade by giving up the bond on the one hand, and the note on the other; which proposition the defendant declined; the defendant admits that he did not interpose a claim to the land when levied on, but desired complainant to do so under the said bond for titles; the defendant is informed, and believes it true, that public notice was given at said sale, by the Hon. Augustus H. Hansell, as counsel of complainant, that the title to said land was in the defendant, from whom complainant had bought it, and had a bond for titles, and that Seward bid off the land at the sum of fifty dollars, and this defendant asserts that said Seward obtained no title by

his purchase at said sale; that said land, from the time complainant bought it, up to now, was, and is still, unoccupied, and there has been, and still is, nothing to hinder the complainant from entering upon and occupying it, and if he has failed to do so, it is, and has been, his own fault, and not the fault of the defendant; the defendant admits that the complainant met him in Thomasville, and told him that Seward held a sheriff's deed to the land under the sale aforesaid, and proposed to pay the sum due on said note, if the defendant would take up or extinguish Seward's claim, which this defendant agreed to do, and he had no sooner agreed to do so, than complainant backed out, and receded from his own proposition, and excused himself by saying that he could not raise the money; that this defendant agreed to said proposition as a compromise only, and does not, of course, now feel bound by it; afterwards, the defendant did refuse to agree to the same proposition; the defendant admits, that after all that had passed between the parties, he did decline doing anything, except to comply with his bond upon the payment of said note; the defendant never did offer or propose to pay the sum due on said note, except upon conditions outside of the contract; the defendant denies utterly the charge of insolvency made in complainant's bill, and asserts that he has ample and abundant means to meet any and all of his liabilities of every character; that there are but two judgments or executions in the world against him; one for taxes, not exceeding twenty dollars, and the other not fifteen dollars, for cost against him as attorney for a non-resident client, both of which he is abundantly able to pay, and expects to pay, in a few days; the defendant admits the pendency of a suit on the note, and his purpose to press the collection of the principal and interest of the note, as in the bill alleged, believing it to be his unquestionable right.

On the 31st of May, 1858, the defendant amended the foregoing answer, by a statement that he had paid off the two *fi. fas.* against him since the filing of his answer, and asserting there was then no judgment against him.

Upon the coming in of the amended answer, a motion was made to dissolve the injunction prayed for in the bill, and which had been granted by the Chancellor.

This motion was heard, on the 18th of January, 1859, before his Honor Judge Love, who passed an order dissolving

the injunction, "on the ground that the equity in the bill was fully sworn off, and further adjudging that the plaintiff in the common law action have leave to proceed to trial."

At the June Term, 1859, both the common law and the equity cases were tried together by agreement of counsel, and the jury returned the following verdict, to wit:

"We, the jury, decree that the plaintiff pay the defendant fifteen hundred dollars, with interest from the 1st day of January, 1857, and that the defendant make a good and unincumbered title to the land in question, and pay all Court cost, and also all cost that may arise on his warranty to plaintiff in the future."

Counsel for plaintiff then made a motion for a new trial, in which a brief of the evidence was agreed on, and in which brief it was admitted that "the bill, answers, note, bond and evidence of title referred to in the pleadings were all read in evidence, and that the land was sold as stated, but that the purchaser did not take possession, and that the land was still vacant. The motion was predicated on the following grounds, to wit:

1st. Because the verdict is against law.

2d. Because the verdict is against the charge of the Court.

3d. Because the verdict is strongly and decidedly against the evidence.

4th. Because the verdict is without evidence.

His Honor, Judge Love, who was then presiding, allowed the motion, and granted a new trial on all the grounds taken in the rule.

On the 21st day of June, 1860, the complainant amended his bill, by alleging: That in all he said and did in and about the lot of land mentioned in the bill, was done under a mistake as to the land he wanted, and supposed he was buying; that he desired to purchase the lot of land lying about two miles south or southeast of Thomasville on the Monticello road, and was informed that the said Doyle was the owner thereof; that believing him to be such owner, and believing that he was buying said lot of land, he gave the note and took the bond for titles mentioned in the bill; that but for this impression, he would not have made the trade; that he had never seen lot No. 78, and did not know anything of its value, and did not want to buy it; that he did not find out the mistake until some time afterwards, when he offered the

land for sale, which he supposed he had bought; that lot No. 78 is of little or no value, not being worth more than two or three hundred dollars; that he is advised that to make a valid contract, the parties to the contract should agree, in mind, as to the subject-matter of the contract, and he insists that it would be inequitable to compel him to pay fifteen hundred dollars for a piece of property not worth more than two hundred or three hundred dollars, which he did not want, and which he bought under a mistake as to its identity.

Complainant also amended the prayer of the bill, so as to ask for a rescission of the contract, and a perpetual injunction of the common law action.

Upon the coming in of the amendment to the bill, counsel for complainant moved to revive the injunction which had been previously dissolved.

This motion was resisted by counsel for the defendant, Doyle, and after argument had, his Honor, Judge Harris, then presiding, passed the following order:

"The complainant having amended his bill at this term of the Court, it is, in consequence thereof, ordered that the plaintiff at law be enjoined, after he shall have taken his verdict on the note sued on, given for the land, from issuing execution on the judgment to be entered on said verdict, until the amendment of complainant's bill shall have been answered and the equity case tried. Having permitted Doyle, the plaintiff at law, to take a verdict at law on the note of defendant, so as to give him a lien on the property of defendant only, the injunction in behalf of complainant in this cause is renewed solely to prevent complainant from being prejudiced by the verdict at law, until the matters in controversy between the parties in equity shall have been heard and determined at the next term of this Court, 22d June, 1860."

The renewal of the injunction constitutes the error complained of in this case.

R. S. BURCH, for the plaintiff in error.

J. R. ALEXANDER; McINTYRE & YOUNG, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

. This case is somewhat peculiar, and must be decided upon its own distinctive features. Doyle, the plaintiff in error, commenced his common law action in the Superior Court of Thomas county, against the defendant, John P. Lyons, on a promissory note. Pending the action, the defendant, Lyons, filed in the same Court a bill in equity, setting up certain equitable defences against the recovery of the amount of the note, averring that he was remediless at law, and praying injunction of the common law action, and relief under the bill. The injunction was granted. Doyle answered the bill, and moved a dissolution of the injunction, which was ordered. The common law action then being on the appeal, was in order for trial. The counsel for plaintiff and defendant entered into the following consent, in writing, which appears in the record, viz.:

F. W. A. Doyle ⎱ Debt, in Thomas Superior Court, on ap-
     *vs.* ⎰ peal. January Term, 1857.
John P. Lyons.

It is agreed by counsel on both sides, that upon the trial of the case, the bill filed by defendant to enjoin it, and for discovery and relief, be tried at the same time with it.
(Signed)
        BURCH & McLENDON, plaintiff's attorneys.
        AUGUSTUS W. HANSELL, defendant's attorney.

The parties went to trial, carrying both causes before a special jury, who rendered a verdict. The defendant in the common law action (Lyons) being dissatisfied with the verdict, moved for a new trial, on several grounds, and a new trial was ordered. At the June Term, 1860, of the same Court, Lyons (defendant at law) amended his bill in equity, setting forth a new ground of equitable defence against the note, and moved for an injunction of the common law action. The presiding Judge ordered an injunction, after the plaintiff shall have taken a verdict, for the amount of the note, in the common law action, until the defendant in equity shall have answered the amended bill, thereby securing to the plaintiff at law a lien upon the defendant's property, and, at the same time, affording the latter an opportunity to assert his equities. This mode of procedure seems to have been devised in the discretion of the presiding Judge, overlooking or treating as irregular the consent of

parties, to try both cases on one issue. The verdict in the common law action was accordingly taken, and that has not been excepted to, or in any way impunged. But the plaintiff (Doyle) excepts to the order of the Court, enjoining further proceeding in the common law action, after having obtained his judgment on the note. We see no reason why the consent to try both actions together is not as applicable to the cases · after new trial granted as before, and we have known practice to sustain such a consent. Inasmuch, then, as the discretion exercised by the presiding Judge has deprived the defendant at law of the benefit of this consent, and would injuriously subject him to the payment of the money for which judgment has gone against him at law, in advance of an answer to his amended bill, without passing upon the merits of the amendment, we affirm the judgment.

## JUDGMENT.

Whereupon, it is considered and adjudged (without passing upon the merits of the last amendments to the bill in equity) by the Court below, that the judgment of the Court below be affirmed, on the ground that the injunction granted in the Court below was part and parcel of the direction given by order of that Court to the cases pending at law and in equity between the parties, and that the dissolution of *it*, leaving the remainder of the order of force, would do manifest injustice to the complainant.